**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Mendiola, | No. CV 12-654-PHX-RCB (ECV) |
| Plaintiff, | **O R D E R** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendant. | |

Plaintiff Daniel Mendiola is confined in the Maricopa County Fourth Avenue Jail. In a July 18, 2012 Order, the Court dismissed his First Amended Complaint for failure to state a claim upon which relief could be granted. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On August 22, 2012, Plaintiff filed a "Motion for Continu[a]nce" (Doc. 22).

**I.    Motion for Continuance**

In his Motion for Continuance, Plaintiff seeks an additional 15 days to file his second amended complaint. The Court finds good cause to grant the Motion for Continuance and will give Plaintiff an additional 15 days to file his second amended complaint.

**II.   Warnings**

    **A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

**JDDL-K**

1  the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
2  in dismissal of this action.

3     **B.    Address Changes**

4     Plaintiff must file and serve a notice of a change of address in accordance with Rule
5  83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
6  relief with a notice of change of address. Failure to comply may result in dismissal of this
7  action.

8     **C.    Copies**

9     Plaintiff must submit an additional copy of every filing for use by the Court. See
10 LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice
11 to Plaintiff.

12     **D.    Possible "Strike"**

13     Because the First Amended Complaint has been dismissed for failure to state a claim,
14 if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in
15 the July 18, 2012 Order, the dismissal may count as a "strike" under the "3-strikes" provision
16 of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action
17 or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on
18 3 or more prior occasions, while incarcerated or detained in any facility, brought an action
19 or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,
20 malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is
21 under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

22     **E.    Possible Dismissal**

23     If Plaintiff fails to timely comply with every provision of the July 18, 2012 Order and
24 this Order, including these warnings, the Court may dismiss this action without further
25 notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may
26 dismiss an action for failure to comply with any order of the Court).

27 . . . .

28 . . . .

1 **IT IS ORDERED:**

2     (1) Plaintiff's "Motion for Continu[a]nce" (Doc. 13) is **granted**. Plaintiff has **15
days** from the date this Order is filed to file a second amended complaint in compliance with the July 18, 2012 Order and this Order.

    (2) If Plaintiff fails to file a second amended complaint within **15 days**, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

DATED this 17th day of September, 2012.

_____
Robert C. Broomfield
Senior United States District Judge